**In the Matter of: Anthony J. SARP, Debtor,**

**Anthony J. Sarp; et al., Appellants,**

v.

**David S. Mork, Appellee.**

No. 07–35387.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 3, 2009.

Martin E. Snodgrass, Esq., Snodgrass & Warren Inc., Everett, WA, for Appellants.

Bruce Joseph Borrus, Esq., Riddell Williams, PS, Seattle, WA, for Appellee.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Anthony J. and Barbara A. Sarp and their marital community appeal from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's grant of summary judgment in favor of the trustee on the basis that the Sarps failed to surrender $118,229.99 in estate property. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the decision of the BAP and the bankruptcy court's conclusions of law and grant of summary judgment. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 783 (9th Cir.2007). We affirm.

Contrary to appellants' contentions, disputed evidence regarding whether their conduct enhanced the value of estate assets is immaterial to whether they breached their duties under 11 U.S.C. § 521(3) & (4). *See Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Ass'n*, 322 F.3d 1039, 1046 (9th Cir.2003) ("A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case."); *see also* 11 U.S.C. § 521(3) (requiring debtor to cooperate with trustee); 11 U.S.C. § 521(4) (requiring debtor to surrender all estate property to trustee).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.